UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH LAIN, on behalf of his minor child A.L., <br><br>  Plaintiff, <br><br>  v. <br><br> PLEASANTON UNIFIED SCHOOL DISTRICT, et al., <br><br>  Defendants. | Case No. 20-cv-07089-LB <br><br> **ORDER DENYING TRO** <br><br> Re: ECF No. 6 |

The plaintiff filed a motion for a temporary restraining order ("TRO") to require the defendants — the Pleasanton Unified School District ("PUSD") and the Contra Costa County Office of Education ("CCCOE") — to comply with a "Stay Put" order issued by the California Office of Administrative Hearings ("OAH") on August 24, 2020.[1] The claims in this case and the related case (No. 20-cv-2350-LB) involve the plaintiff's challenge to whether the defendants provided a free and appropriate public education ("FAPE") to the plaintiff's daughter A.L.[2] To address the FAPE claim, in August 2019, the parties agreed to an individual education plan ("IEP") for A.L. that provided for A.L.'s education at the Mauzy school in Contra Costa County

---

[1] Mot. – ECF No. 6. All parties consented to the undersigned's jurisdiction. Consents – ECF Nos. 10, 19, 20. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order, No. 3:20-cv-02350-LB – ECF No. 47; Compl. – ECF No. 1.

ORDER – No. 20-cv-07089-LB

(through a contract between the PUSD and the CCCOE) .[3] That plan required certain in-person services, the plaintiff moved OAH for a "Stay Put" order to require those services, and the OAH issued its August 24, 2020 stay-put order requiring the defendants to provide services in person to A.L. in four areas: (1) a licensed vocational nurse ("LVN"); (2) speech therapy; (3) physical therapy; and (4) vision services.[4] Thereafter, the CCCOE terminated its contract with the PUSD, and the PUSD ultimately provided the in-person services, albeit on a timeline that in part postdated the filing of the lawsuit and the pending TRO motion.[5] Then, in the TRO motion, as supplemented by the reply brief, the plaintiff argued that "Stay Put" means staying at Mauzy.[6] The court denies the motion for a TRO because on this record, the plaintiff has not exhausted administrative remedies before the OAH for any remedy other than the services in four areas, and the PUSD's provision of the services means that the plaintiff has not demonstrated a likelihood of success on the merits.

The standards for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). A movant must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The irreparable injury must be both likely and immediate. *Id.* at 20–22. "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Serv. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Before *Winter*, the Ninth Circuit employed a "sliding scale" test that allowed a plaintiff to prove either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) serious questions going to the merits were raised and the balance of hardships tips sharply in

---

[3] IEP – ECF No. 7-1 at 37.

[4] OAH Order, Ex. 1 to Mishook Decl. – ECF No. 28-2.

[5] Exs. A–C to Goeken Decl. – ECF No. 29 at 6–13; PUSD Opp'n – ECF No. 28 at 3 (identified the physical therapist on October 14, 2020).

[6] Reply – ECF No. 30 at 3, 9.

its favor." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (cleaned up). On this continuum, "the greater the relative hardship to [a movant], the less probability of success must be shown." *Id.* After *Winter*, the Ninth Circuit held that although the Supreme Court invalidated one aspect of the sliding scale approach, the "serious questions" prong of the sliding scale survived if the plaintiff satisfied the other elements for preliminary relief. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Thus, a preliminary injunction may be appropriate when a movant raises "serious questions going to the merits" of the case and the "balance of hardships tips sharply in the plaintiff's favor," provided that the other elements for relief are satisfied. *Id.* at 1134–35.

At the October 20, 2020 TRO hearing, the parties did not dispute the court's jurisdiction to decide injunctive relief for in-person services in four areas: (1) an LVN; (2) speech therapy; (3) physical therapy; and (4) vision services. In the TRO motion, the plaintiff disputed only issues two through four and did not dispute that A.L. has an LVN.[7] Then, at the hearing, the plaintiff did not dispute that the PUSD had provided services two through four. That means that the plaintiff's challenge to the defendants' compliance with the OAH order is about whether "Stay Put" means "Stay Put" at the Mauzy school. The plaintiff has not exhausted administrative remedies on that issue because — in short — it was not an issue when the OAH issued the stay-put order, given that the CCCOE's termination of its contract post-dated the OAH stay-put order. The plaintiff contended summarily that exhaustion is futile,[8] but the record does not support that conclusion (as the court discussed at the hearing). Moreover, as to the provision of services two through four, the issue appears moot, there is no case or controversy, and the plaintiff thus has not established a likelihood of success on the merits.

If there is a live controversy about services two through four, the plaintiff may file a preliminary-injunction motion. The court asks the parties to confer on a schedule. If they cannot agree, they must notify the court, which can set a schedule.

---

[7] Mot. – ECF No. 6 at 9.
[8] Reply – ECF No. 30 at 6–7.

As discussed at the hearing, the court ask the parties to confer on a practical resolution to this issue, given the PUSD's offer of an IEP meeting on November 6, 2020.

In sum, the court denies the motion for a TRO. This disposes of ECF No. 6.

**IT IS SO ORDERED.**

Dated: October 22, 2020

_____
LAUREL BEELER
United States Magistrate Judge